UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re:                                                    Case No. 04-30579-WRS

EDWIN RICK WOOD,

    Debtor,

SUSAN S. DE PAOLA, Trustee,

    Plaintiff,                                        Adv. Pro. No. 04-3047

O.E. WILLIAMS, JR.,

    Defendant.

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the summary judgment motion of the Plaintiff and Trustee for the Bankruptcy Estate, Susan S. DePaola (the "Plaintiff"). (Doc. 13). Upon consideration of the pleadings, memorandums of law, and supporting affidavits submitted by the parties, the Court finds that genuine issues of material fact exists, thereby precluding entry of summary judgment in favor of the Plaintiff. (Docs. 1, 7, 13, 21, 22). For the reasons explained below, the Plaintiff's Motion for Summary Judgment is DENIED.

## I. FACTS

The following facts are not disputed by the parties in this Adversary Proceeding. On or about January 4, 2004, Edwin Rick Wood[1] (the "Debtor") transferred to O.E. Williams, Jr., (the "Defendant") money in the amount of eighty-one thousand dollars ($81,000.00) by way of three cashiers checks. (Docs. 13, 21; Pl.'s Ex. 1). These transfers were paid by the Debtor to the Defendant by making a direct payment on the Defendant's outstanding loan account with Colonial Bank. (Williams Dep. ¶¶ 17-21). The Defendant is a family farmer in Autaugaville, Alabama, has engaged in the business of farming his entire life, and is not in the business of making loan transactions. (Doc. 21). The Debtor and the Defendant are not related but have known each other since childhood. (Williams Dep. ¶ 7). There are no documents formalizing the nature of the transactions between the Debtor and the Defendant. (Williams Dep. ¶¶ 14, 24).[2]

## II. CONCLUSIONS OF LAW

### A. Introduction

Summary judgment is proper only when there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56, made applicable to Adversary Proceedings pursuant to Fed. R. Bank. P. 7056; Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed. 2d 265 (1986); Jones v. City of Columbus, 120 F.3d 248, 251 (11th Cir. 1997). Federal Rule of Civil Procedure 56(c) states the following:

---

[1] The Debtor filed a voluntary Chapter 7 petition in this Court on February 27, 2004.
[2] The complete transcript of the Defendant's Deposition is on file at the Office of the Clerk and is characterized as Exhibit A.

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). The facts must be viewed in a light most favorable to the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 LED. 2d 202 (1986); Hail v. Regency Terrace Owners Association, 782 So.2d 1271, 1273 (Ala. 2000). To avoid an adverse ruling on a motion for summary judgment, "the nonmoving party must provide more than a mere scintilla of evidence." See Loyd v. Ram Industries, Inc., 64 F.Supp.2d 1235, 1237 (S.D. Ala. 1999) (quoting Combs v. Plantation Patterns, 106 F.3d 1519, 1526 (11th Cir. 1997).

## B. Discussion

The Plaintiff is alleging that payments, totaling $81,000.00 are avoidable preferential transfers pursuant to 11 U.S.C § 547(b). Section 547(b) reads as follows:

> (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property-
>  (1) to or for the benefit of a creditor;
>  (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>  (3) made while the debtor was insolvent;
>  (4) made-
>   (A) on or within 90 days before the date of the filing of the petition; or
>   (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>  (5) that enables such creditor to receive more than such creditor would receive if-
>   (A) the case were a case under chapter 7 of this title;
>   (B) the transfer had not been made; and
>   (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

In this case, the Court finds that there are material facts in dispute precluding entry of summary judgment by the Court. The Court notes that certain facts with respect to the prima facie case pursuant to § 547(b) are not in dispute. There is no question that the transfers the Plaintiff is seeking to avoid occurred on or about January 4, 2004. (Doc. 13; Pl.'s Ex. 1). The transfers also occurred at a time when the Debtor was insolvent. (Doc. 13; Trustee's Aff. ¶ 1). The Plaintiff is entitled to the statutory presumption of insolvency provided by § 547(f). Further on this point, the Defendant has not presented the Court with any evidence rebutting that presumption. (Williams Dep. ¶ 40). Moreover, the $81,000.00 transfer enabled the Defendant to receive more than he would have received considering the normal distribution likely going to unsecured claimants such as the Defendant. (Trustee's Aff. ¶¶ 1-2).

However, the Defendant makes a multifaceted argument in support of his position that the transfers are not avoidable preferences. The Defendant asserts that genuine issues of material fact exists with respect to (1) whether the Defendant is a creditor of the Chapter 7 estate of the Debtor; (2) whether the Debtor held an interest in property that was transferred to the Defendant; and (3) whether the property transferred to the Defendant was owed for or on account of an antecedent debt owed by the Debtor. (Doc. 21).

The thread that runs through each of these questions raised by the Defendant is the issue of whether the payments of money from the Defendant to the Debtor constituted

4

Case 04-03047    Doc 25    Filed 03/11/05    Entered 03/11/05 10:07:32    Desc Main
Document      Page 4 of 7

a loan transaction or an "investment."[3] The Plaintiff argues that the payments were loans from the Defendant to the Debtor made between the time-frame of January and December 2003. (Doc. 13). The Defendant vigorously disputes that characterization of the transactions under scrutiny. The Defendant alleges that he invested money in a security after being prompted by the Debtor. When questioned about his understanding of the nature of the "investments" he was making, the Defendant in his Deposition stated the following:

> Well, he [the Debtor] told me -- in fact, I think I remember reading it in the paper -- where the City of Millbrook had gotten some federal grant money for improvements, and Rick told me that he was in pretty good with the mayor and that he was doing a lot of this kind of work, but he would need -- he was going to need to complete the jobs before he would get paid and offered me the opportunity to invest, you know, in -- in with him on doing these developments.

(Williams Dep. ¶¶ 9-10). At another point in his Deposition, the Defendant again attempted to explain the nature of the transactions between him and the Debtor by stating the following:

> All I know is that he [the Debtor] was supposedly doing some work for the City of Millbrook and he needed the money to get -- buy materials to complete these jobs. And he was offering me a good interest rate to invest in -- in the completion of this work. And then when they were completed, he would get paid by the City.

(Williams Dep. ¶ 22). Throughout his Deposition, the Defendant reiterated several times that he in fact never loaned any money to the Debtor and that the transactions in question involved the making of an "investment" rather than a loan. (Williams Dep. ¶¶ 13, 27, 28, 45, 46, 49, 50). The fact there were no documents with respect to the transactions between the Debtor and the Defendant further hinders any clarification of this point. (Williams Dep. ¶¶ 14, 24).

---

[3] The transactions in question involved three payments from the Defendant to the Debtor on or about January 4, 2004 in the amount of eighty-one thousand dollars ($81,000.00). (Doc. 13; Pl.'s Ex. 1).

The Court finds that the threshold question of whether the transfers of money from the Defendant to the Debtor were indeed investments, rather than a loan transaction, significantly bears upon the broader issue of whether the money paid back to the Defendant is avoidable as a preference. While the court, at least at this point in time, declines to adopt the Defendant's argument that a constructive trust should be placed over the money that the Defendant paid to the Debtor because it was procured by fraudulent solicitation, the Court nevertheless finds that triable issues of fact exists with respect to the nature of these transactions. (Doc. 21). For purposes of § 547(b), if the Defendant made an "investment," as is alleged, then the Defendant would not be a "creditor" pursuant to 11 U.S.C. § 101(10). Rather, if the Defendant made an investment in the completion of work by the Debtor in furtherance of city improvements, then he held no right to receive payment from the Debtor as contemplated by the Bankruptcy Code. Along similar lines of reasoning, if the transactions constituted an investment, then the money that was transferred by the Debtor to the Defendant was not paid on account of an antecedent debt owed by the Debtor as contemplated by § 547(b)(2). On the other hand, if the transactions between the Debtor and the Defendant in fact constituted a loan as the Plaintiff asserts, then the prima facie case of proving a preference will be satisfied. The Court finds that there is a dispute as to these genuine issues of material fact, thereby precluding entry of summary judgment in favor of the Trustee. For the aforementioned reasons, the Plaintiff's Motion for Summary Judgment is DENIED.

Done this 10th day of March, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Susan S. DePaola, Trustee
Joel Connally, Attorney for Defendant
Debtor
Teresa Jacobs, Bankruptcy Administrator